Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Matthew Jones, #029679
**LARSON & SIMPSON, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 426-0920
Fax: (800) 794-7044
Matt@LarsonandSimpson.co

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Robert W. Jones and Belinda I. Jones;<br><br>　　Plaintiffs,<br><br>v.<br><br>Wilmington Savings Fund Society, FSB; Les Zieve d/b/a Law Office of Les Zieve; and Eric L. Cook;<br><br>　　Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

### I. Preliminary Statement

1. Plaintiffs bring this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

1 §§ 1692 *et seq*. In the course of attempting to collect a debt allegedly owed by Plaintiffs, Defendants engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA. Plaintiffs seek to recover actual damages and statutory damages, as well as reasonable attorney's fees and costs.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiffs' claims arose from acts of the Defendants perpetrated therein.

## III. PARTIES

3. Plaintiffs are residents of Maricopa County, Arizona.
4. Plaintiffs are natural persons who are allegedly obligated to pay a debt which was incurred for personal, family, or household purposes.
5. Plaintiffs are "consumers" as that term is defined by FDCPA § 1692a(3).
6. Defendant Wilmington Savings Fund Society, FSB ("Wilmington") is a Delaware Corporation.
7. Wilmington collects or attempts to collect debts which it claims to have purchased or to have been assigned after default.
8. Wilmington uses courts in Arizona to collect consumer debts.
9. Wilmington is a "debt collector" as that term is defined by FDCPA § 1692a(6).
10. Defendant Les Zieve d/b/a Law Office of Les Zieve ("Les Zieve") operates a law firm in Arizona under the trade name Law Office of Les

Zieve and employs Arizona attorneys.

11. Les Zieve is a consumer debt collection law firm that regularly collects or attempts to collect debts owed or asserted to be owed or due another from residents within the State of Arizona.

12. Les Zieve is a "debt collector" as that term is defined by FDCPA § 1692a(6).

13. Defendant Eric L. Cook ("Cook") is a licensed Arizona attorney employed by Les Zieve.

14. Cook regularly collects or attempts to collect debts owed or asserted to be owed or due another from residents within the State of Arizona.

15. Eric Cook is a "debt collector" as the term is defined by FDCPA § 1692(a)(6).

16. At all times relevant herein, Les Zieve employed individual attorneys to act on its behalf, and Les Zieve is liable for actions of these attorneys, including Cook.

17. Les Zieve's collection actions taken against Plaintiffs were taken on behalf of, and as agent for, Wilmington.

18. Wilmington is liable for the actions of its agent, Les Zieve.

### IV. Factual Allegations

19. On behalf of Wilmington, Les Zieve and Cook filed a complaint in Pinal County Superior Court cause number CV2015-01476 on August 7, 2015 (hereinafter "Suit").

20. Defendants alleged in the Suit that Plaintiffs executed and delivered a Deed of Trust securing Plaintiffs' obligations under a promissory note to M&I Marshall and Ilsley Bank.

21. Defendants alleged in the Suit that BMO Harris Bank National Association, successor-in-interest to M&I Marshall & Ilsely Bank, assigned the Deed of Trust to Wilmington.

22. Upon information and belief, BMO Harris Bank National Association assigned the Deed of Trust after default.

23. Defendants alleged in the Suit that Wilmington appointed Carrie Thompson Jones - an attorney employed by Les Zieve - as Successor Trustee.

24. Defendants alleged in the Suit that Plaintiffs were delinquent under the terms of a promissory note secured by the Deed of Trust.

25. Defendants alleged in the Suit that a Trustee Sale was held on May 8, 2015.

26. Defendants alleged in the Suit that Wilmington was the successful bidder at the Trustee Sale held on May 8, 2015.

27. Upon information and belief, Les Zieve was retained to bring an action against Plaintiffs to reclaim the deficiency between the amount secured by the Deed of Trust and the amount paid at the Trustee Sale.

28. Upon information and belief, Les Zieve assigned the case to Cook, an attorney employed by Les Zieve.

29. Cook filed the Suit more than ninety (90) days after the date of the Trustee's sale held on May 8, 2015.

30. Arizona Revised Statute § 33-814 ("A.R.S.") imposes a ninety (90) day statute of limitation on actions to recover the deficient balance between what is owed under a Deed of Trust and what was paid at the Trustee's sale.

31. If an action for deficiency is not brought within ninety (90) days, A.R.S. § 33-814(D) provides that the proceeds received at the Trustee Sale, regardless of the amount, are deemed to be in full satisfaction of the obligation and "no right of recovery shall exist."

32. Defendants served Plaintiffs with the summons and Complaint on or about August 13, 2015.

33. Defendants attached to the Complaint the Trustee Deed Upon Sale indicating the Trustee's Sale occurred on May 8, 2015.

34. Defendants attached to the Complaint a Deed of Trust identifying Maricopa County as the location where the Deed of Trust was executed along with the promissory note.

35. At the time Defendants filed the Suit, they misrepresented to Plaintiffs that the alleged debt was not stale, and that the Suit was filed within the applicable statute of limitations.

36. However, at the time Defendants filed the Suit, the debt in fact was stale and past the statute of limitations.

37. At the time Defendants filed the Suit, there was no right to recover any alleged deficiency balance.

38. At the time Defendants filed the Suit against Plaintiffs, they knew that the debt was stale and past the statute of limitations.

39. At the time Defendants filed the Suit, they knew venue was not proper in Pinal County, Arizona.

40. At the time Defendants filed the Suit, they misrepresented to Plaintiffs and the Pinal County Superior Court that venue was proper in Pinal County, Arizona.

41. Upon being served, Plaintiffs sought out and hired counsel to defend them in the lawsuit.
42. During the course of defending the Suit, Plaintiffs advised Defendants that the time for collection of any deficiency is beyond the statute of limitations.
43. During the course of defending the Suit, Plaintiffs advised Defendants that the Suit was brought in the wrong venue.
44. Despite Defendants' knowledge that the action to collect a deficiency is beyond the statute of limitations, Defendants have continued to prosecute the collection suit against Plaintiffs.
45. Despite Defendant's knowledge that the action to collect on any deficiency was filed in the improper venue, Defendants have continued to prosecute the collection suit against Plaintiffs in the incorrect venue.
46. Despite Defendant Eric Cook agreeing to dismiss the state court action, as of the time of filing this Complaint, upon information and belief, Defendants have yet to file a motion to dismiss the suit.
47. As a result of Defendants' actions as outlined above, Plaintiffs have suffered actual damages including, but not limited to, legal fees, court costs, anxiety, worry, embarrassment, sleeplessness, stress, invasion of privacy, loss of opportunity, damage to credit and reputation, and other extreme emotional distress.
48. Defendants' actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiffs' rights, and part of Defendants' persistent and routine practice of debt collection.
49. In the alternative, Defendants' actions were negligent.

## V.  Causes of Action

## Fair Debt Collection Practices Act

50. Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs.

51. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692i.

52. As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiffs have suffered actual damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered against Defendants for:

  a) Actual damages under the FDCPA;
  b) Statutory damages under the FDCPA;
  c) Costs and reasonable attorney's fees; and
  d) Such other relief as may be just and proper.

/ / /

/ / /

DATED _____.

_____
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Matthew Jones, #029679
**LARSON & SIMPSON, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 426-0920
Fax: (800) 794-7044
Matt@LarsonandSimpson.co

Attorney for Plaintiffs